UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v. CASE NO. 8:02-CR-111-T-17MAP

GENE A. TYRRELL.

______________________________/

ORDER

This cause is before the Court on:

Dkt. 1927 Motion to Vacate and Set Aside Preliminary Order of Forfeiture for Substitute Assets and Amended Preliminary Order of Forfeiture
Dkt. 1936 Response

Defendant Gene A. Tyrrell moves to vacate and set aside a Preliminary Order of Forfeiture for Substitute Assets (Dkt. 1862) and the Amended Preliminary Order of Forfeiture (Dkt. 1923).

Defendant Tyrrell argues that the assets sought to be forfeited as "substitute assets" were known to the Government before trial, and the stock certificates of "iCrossing" have been in the custody of the Government since April, 2003.

Defendant Tyrrell does not dispute the Government's claim that the proceeds of the conspiracy cannot be located as to the co-conspirators, but alleges that Defendant Tyrrell knows the disposition of the proceeds received by Defendant Tyrrell. Defendant Tyrrell states that the business records relating to Defendant Tyrrell's business(es), which were seized by the Government, document the disposition of all proceeds, and the Government has deceived the Court by not revealing this fact.

Defendant Tyrrell argues that none of his business was illegal, and the Government cannot establish a nexus between any asset Defendant Tyrrell owned and the securities fraud for which Defendant Tyrrell has been convicted. Defendant Tyrrell requests an evidentiary hearing on this issue.

The Government has filed its Response, arguing that Defendant Tyrrell's assertion that the assets included in the Court's preliminary and amended orders of forfeiture under Section 853(p) are not subject to forfeiture is not correct. When the Government does not forfeit an asset directly, either because it determines the asset is not directly traceable to the offense or the jury does not include it in a forfeiture order, the Government may later forfeit the same asset as a substitute asset. United States v. Saccoccia, 564 F.3d 502 (1st Cir. 2009); U.S. v. Weiss, 2005 WL 1126683 (M.D. Fla. May 6, 2005).

The Government argues that the Government was aware of the Woodbridge entities before trial, but was not aware that they had significant value. The information Defendant Tyrrell provided for sentencing reflected that the entities had minimal value (Dkt. 1922, Ex. 2).

The Government relies on the Declaration of Postal Inspector Douglas Smith (Dkt. 1922, Ex. 2) to establish that the Government was unable to locate property traceable to the money laundering conspiracy during the course of the underlying criminal investigation.

The Government further argues that Defendant Tyrrell has not established any basis for the Court to reconsider the prior

orders of forfeiture. There has been no change in intervening law, no new evidence has been provided, and Defendant Tyrrell has not shown the need to correct clear error or prevent manifest injustice.

After consideration, the Court finds that there is no basis for vacate and set aside the preliminary order of forfeiture for substitute assets (Dkt. 1862) or the amended preliminary order of forfeiture for substitute assets (Dkt. 1923). The amount of the forfeiture sought from Defendant Tyrrell was established by a jury verdict, and was included in Defendant's sentence. Even if the substitute assets were known to the Government before trial, where the Government is unable to locate assets traceable to the conduct for which a defendant is prosecuted, the Government may later seek the forfeiture of substitute assets. Defendant Tyrrell has not established any basis for the Court to reconsider its prior orders. Defendant Tyrrell's request for a hearing is moot.

Defendant Tyrrell's conviction and sentence were affirmed on appeal. To the extent that Defendant Tyrrell seeks to challenge Defendant Tyrrell's underlying conviction, Defendant Tyrrell cannot do so in Defendant Tyrrell's Motion. Accordingly, it is

**ORDERED** that Defendant Tyrrell's Motion to Vacate and Set Aside Preliminary Order of Forfeiture for Substitute Assets and the Amended Preliminary Order of Forfeiture for Substitute Assets is **denied**.

Case No. 8:02-CR-111-T-17MAP

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 4th day of November, 2010.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record