UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                                    CASE NO.  8:02-CR-111-T-17MAP

GENE TYRRELL.

_____/

ORDER

This cause is before the Court on:

| | | |
|---|---|---|
| Dkt. 1926 | Petition (Teresa Tyrrell) | |
| Dkt. 1964 | Motion for Summary Judgment (USA) | |
| Dkt. 1967 | Motion for Extension of Time to Respond (Teresa Tyrrell) | |
| Dkt. 1968 | Response (USA) | |
| Dkt. 1970 | Response (Teresa Tyrrell) | |
| Dkt. 1971 | Reply (Teresa Tyrrell) | |
| Dkt. 1972 | Motion to Strike (USA) | |
| Dkt. 1973 | Response (Teresa Tyrrell) | |

The United States of America moves for entry of summary judgment against
Petitioner Teresa Tyrrell's claim to an ownership interest in Woodbridge International,
Inc., and Woodbridge Management, LLC ("Woodbridge companies").

I. Background

Defendant Gene Tyrrell was found guilty of a conspiracy to commit money
laundering in violation of 18 U. S. C. Sec. 1956(h), along with Defendant Joseph
Cuciniello and Defendant Dean Sinibaldi.  (Dkts. 979, 980, 981).  The Second
Superseding Indictment alleges that the conspiracy began in September, 1996 and
continued through August, 2000.  (Dkt. 577, p. 3).  The issue of the amount of the

Case No. 8:02-CR-111-T-17MAP

forfeiture was submitted to the jury.   Forfeiture verdicts against Defendants Tyrrell, Cuciniello and Sinibaldi were rendered.  The jury verdict as to forfeiture found Defendant Tyrrell responsible for laundering funds in the amount of $2,500,000.  (Dkt. 989).

The Government moved for entry of a Forfeiture Money Judgment as to Defendants Tyrrell, Cuciniello and Sinibaldi.  (Dkt. 1008).  The Court granted the Motion (Dkt. 1022), and later granted the Government's Motion to correct the amount as to Defendant Tyrrell and directed that the Amended Order be attached to the Judgment and Commitment Order as to Defendant Tyrrell.  (Dkt. 1096).  The Court sentenced Defendant Tyrrell on July 25, 2005.  (Dkts. 1087, 1099).  The Judgment was subsequently entered, and the Amended Order is attached to the Judgment.  (Dkt. 1100).  An Amended Judgment was later entered.  (Dkt. 1514).

The Government moved for a Preliminary Order of Forfeiture for Substitute Assets (Dkt. 1860); the Stock Purchase Agreements of 11/8/2000, 11/22/2000 and 11/29/2000 between "Woodbridge," the Buyer, and Jeffrey Herzog, the Seller, are attached to the Motion.   The Government sought the forfeiture of Defendant Gene Tyrrell's interest in Stock Certificates of iCrossing, Inc., held in the name of Woodbridge International, Inc. and Woodbridge International Management, LLC.   The Court granted the Motion.   (Dkt. 1862).   The Government published the Notice of Forfeiture.  (Dkt. 1908).

The Government later moved for an Amended Preliminary Order of Forfeiture for Substitute Assets.  (Dkt. 1922), seeking the forfeiture of Woodbridge International, Inc. and Woodbridge Management, LLC to the United States.   The Court granted the Motion.  (Dkt. 1923).  The Government published the Notice of Forfeiture.  (Dkt. 1935).

The Court notes that: 1)  Woodbridge International, Inc., an Arizona corporation,

2

Case No. 8:02-CR-111-T-17MAP

was formed on 1/5/2000, and administratively dissolved on 10/24/2006, effective 2/15/2007 (Dkt. 1922-5, 1922-6); 2) Woodbridge International, LLC, a Nevada limited liability company, was formed on 12/17/1999 and provided annual lists of officers until 2004 (Dkt. 1922-8); 3) Woodbridge Management, LLC, an Arizona limited liability company, was formed on 4/25/2000, and the last appointment of statutory agent (Teresa Tyrrell) was on 6/8/2005 (Dkt. 1922-9). The Government states that there is no "Woodbridge International Management, LLC" listed in the records of the Arizona Corporation Commission, and the company appears to be the same corporation as "Woodbridge Management, LLC." The Employer Identification Number ("EIN") included in the signature block of the November 22, 2000 stock purchase agreement, which was signed by Defendant Gene Tyrrell in his capacity as President of Woodbridge International Management, LLC, is the EIN of Woodbridge Management, LLC. Petitioner Tyrrell is designated the statutory agent of Woodbridge Management, LLC. Petitioner Tyrrell, Defendant Gene Tyrrell, Larry Demik and Norman Secor are managers and members of Woodbridge Management, LLC. (Dkt. 1964-16).

Defendant Tyrrell moved to vacate and set aside the Court's Preliminary Order of Forfeiture. (Dkt. 1927). The Court denied the Motion. (Dkt. 1937).

Petitioner Teresa Tyrrell filed a pro se "Petition Announcing Her Interest in Forfeited Property." (Dkt. 1926). In the Petition, Petitioner Teresa Tyrrell "pursuant to 21 U.S.C. Sec. 853(n), ...announces her current and future interest in forfeited property." Petitioner Teresa Tyrrell states:

> "2. Tyrrell's interest in the forfeited property, hereinafter referred to as "the Woodbridge Companies", arose from an investment made by my husband and I, along with others, in iCrossing, Inc., f/k/a Internet Crossing, Inc. The Woodbridge Companies were involved in several other such investments, but the only remaining active investment is the iCrossing venture."

3

Case No. 8:02-CR-111-T-17MAP

II. Preliminary Issues

The Court granted the Government's Motion for Discovery. (Dkts. 1945, 1946).
The Government communicated with Petitioner in an effort to comply with the Local
Rules, and file a joint case management report, providing a copy of applicable Federal
Rules of Civil Procedure to Petitioner. (Dkt. 1964-3-1964-8).  The Government filed a
unilateral case management report, but no case management order was entered.  The
Court notes that the Government and Petitioner Tyrrell, who now resides in Colorado,
communicated via e-mail and letter, and exchanged discovery.  Petitioner Tyrrell
responded to the discovery propounded by the Government.  (Dkt. 1964-1, 1964-10,
1964-17).

The Court notes that the Government's Motion for Summary Judgment was filed
on 12/7/2011.  On 3/5/2012, long past the time for a timely response, Petitioner moved
to extend the time to respond to the Motion for Summary Judgment.  The Government
responded in objection to Petitioner's Motion.  While Petitioner has not demonstrated
good cause for the late response, the Government will not be prejudiced by the Court's
consideration of Petitioner's Response to the Government's Motion for Summary
Judgment.  The Court therefore grants the Motion to Extend Time, nunc pro tunc
3/5/2012.

The Government moved to strike Petitioner's unauthorized responses.  Since the
Court has granted the Motion to Extend Time, the Court denies the Motion to Strike as
moot.

In her Petition, Petitioner Tyrrell requests a hearing, "preferably via telephone
conference call, involving all interested owners of iCrossing stock, to the end that the
interests of all owners of such stock be determined prior to forfeiture of such property
interests to United States."  The Court notes that the Government sent notice of the

4

Case No. 8:02-CR-111-T-17MAP

forfeiture to all potential third parties or potential stockholders, officers, and/or directors
with a possible interest in the Woodbridge Companies, including Petitioner, Bill Bazan,
Larry Demik and Norman Secor.  Only Petitioner Teresa Tyrrell filed a Petition asserting
an interest in the Woodbridge Companies.  Because the issues involved in the
resolution of the Petition are legal issues, and the facts are undisputed, the Court will
not conduct an evidentiary hearing.

Petitioner has further requested that the Court consider abating the
determination of the Motion for Summary Judgment until the final disposition of
Defendant Tyrrell's  Sec. 2255 petition.  The Court denied Defendant Tyrrell's Sec.
2255 petition, a final judgment was entered, and the Court denied Defendant Tyrrell's
Motion for Relief From Judgment.  (Dkts. 35, 36, 45, Case No. 8:10-CV-1289-T-
17MAP).  Therefore, Petitioner's request to abate is moot.

III. Motion for Summary Judgment

The Government moves for entry of summary judgment on the Petition of Teresa
Tyrrell based on the undisputed facts included in the Motion.   The Government argues
that third party claimant Teresa Tyrrell cannot demonstrate  standing to challenge the
forfeiture of the Woodbridge companies.  The Court has attached a copy of the
undisputed facts on which the Government relies to this Order.

A.  Standard of Review

Summary judgment should be rendered if the pleadings, the discovery and
disclosure materials on file, and any affidavits, show that there is no genuine issue as to
any material fact and that the movant is entitled to judgment as a matter of law. Fed. R.
Civ. P. 56(c).

Case No. 8:02-CR-111-T-17MAP

> "The plain language of Rule 56(c) mandates the entry of
> summary judgment after adequate time for discovery and
> upon motion, against a party who fails to make a showing
> sufficient to establish the existence of an element essential
> to that party's case, and on which that party will bear the
> burden of proof at trial."

Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

The appropriate substantive law will guide the determination of which facts are
material and which facts are...irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242,
248 (1986). All reasonable doubts about the facts and all justifiable inferences are
resolved in favor of the non-movant. See Fitzpatrick v. City of Atlanta, 2 F.3d 1112,
1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable
jury could return a verdict for the non-moving party." See Anderson, 477 U.S. at 248.
But, "[i]f the evidence is merely colorable...or is not significantly probative...summary
judgment may be granted." Id. at 249-50.


B. Discussion

Petitioner's petition asserts Petitioner's claim to assets the Court ordered
forfeited in the criminal case.

In this case, the Government did not locate identifiable assets traceable solely to
the proceeds of the conspiracy, and did not seek to forfeit any of Defendant Tyrrell's
specific assets.   The Government is seeking the forfeiture of substitute assets of
Defendant Tyrrell pursuant to 21 U.S.C. Sec. 853(p).

Standing is a threshold issue on which Petitioner bears the burden of proof by a
preponderance of the evidence. A third party claimant must demonstrate both Article III
standing and statutory standing. Via Mat Int'l S. Am. Ltd. v. United States, 446 F.3d
1258, 1263 (11th Cir. 2006).   To establish Article III standing, Petitioner must establish

Case No. 8:02-CR-111-T-17MAP

that Petitioner has suffered an "injury in fact" that is concrete and particularized, and actual or imminent, not conjectural or hypothetical, that the injury is "fairly traceable" to the actions of the Government, and that the injury will likely be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). A party who asserts a colorable claim of ownership to the forfeited property meets the requirement of Article III standing.

The Court applies state law to determine the nature of Petitioner's interest in the forfeited property, the Woodbridge companies. Whether Petitioner's interest in the forfeited property is superior and renders the forfeiture order invalid under Sec. 853(n)(6) is a matter of federal law. See U.S. v. Shefton, 548 F.3d 1360, 1364 (11th Cir. 2008).

1. State law

Defendant Tyrrell and Petitioner were married, and were residents of Arizona at the relevant time.   Under Arizona law, all property acquired by either husband or wife during marriage is presumed to be community property, subject to exceptions stated in the applicable statute, i. e. property acquired by gift, devise or descent. A.R.S. Sec. 25-211.  The Court notes that Defendant Tyrrell executed two of the three Stock Purchase Agreements.   The other Stock Purchase Agreement was executed by a Vice President of Woodbridge International, Inc.

2. Federal law

21 U.S.C. Sec. 853(n)(6) provides:

If, after the hearing, the court determines that the petitioner has
established by a preponderance of the evidence that–

Case No. 8:02-CR-111-T-17MAP

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title or interest renders the order of forfeiture invalid in whole or in part because the right, title or interest was vested in the petitioner rather than the defendant or was superior to any right, title or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of the purchase reasonably without cause to believe that the property was subject to forfeiture under this section;

> the court shall amend the order of forfeiture in accordance with its determination.

The exclusive grounds for third parties to challenge the forfeiture of their claimed interests are those identified in the statute; a third party must demonstrate either that they have legal interests superior to the defendant's interests, or that they are bona fide purchasers for value. U.S. v. Kennedy, 201 F.3d 1324, 1334-35 (11th Cir. 2000). The Court notes that Petitioner does not assert that Petitioner is a bona fide purchaser for value.

Only third parties who have a legal interest in the property which has been ordered forfeited have statutory standing to assert claims in criminal forfeiture proceedings. United States v. Weiss, 2005 WL 1126663, at *10-11 (M.D. Fla. 5/6/2005). In determining true ownership, courts look past who possesses bare legal title to property; the crucial issue is who exercises dominion and control. See United States v. One 1990 Beechcraft, 1900 C Twin Engine Turbo-Prop Aircraft, 619 F.3d 1275, 1278 (11th Cir. 2010)(claimant must be more than nominee who exercises dominion and control).

The Government contends that the undisputed facts establish that Petitioner had no legal interest in the forfeited property. The Government argues that Petitioner does

Case No. 8:02-CR-111-T-17MAP

not assert an interest as a percent owner of the Woodbridge Companies, but asserts an interest in the iCrossing stock certificates, an asset owned by the Woodbridge Companies, under Arizona law by virtue of her marriage to Defendant Gene Tyrrell.. The Government further argues that Petitioner has admitted that Petitioner had no direct dealings with the Woodbridge Companies, did not purchase the iCrossing stock, does not know how much each investor contributed to the stock purchase, does not know the percentage of stock ownership of each investor, and does not know why Woodbridge Companies purchased the stock. Petitioner's claim does not identify or articulate any facts about Petitioner's interest or position in the Woodbridge Companies, such as the nature of Petitioner's interest, the percentage of stock Petitioner owns, how Petitioner acquired her interest, the time and circumstances of Petitioner's acquisition of her interest, and any additional facts relevant to Petitioner's interest in the entities, as required by 21 U.S.C. Sec. 853(n)(3).

The Government argues that bare legal title to property is insufficient to establish ownership, and therefore standing.   Because there is no record evidence that Petitioner exercised any dominion and control over Woodbridge Companies, such that Petitioner held some undefined bare legal title to the Woodbridge Companies, the Government moves for entry of summary judgment against Petitioner.

In her response, Petitioner argues that the stock certificates (of the iCrossing stock) are the property of Defendant Gene Tyrrell, and the issue for determination is whether Petitioner has a community property interest in that property. However, the Government is seeking forfeiture of Defendant Tyrrell's interest in the Woodbridge Companies, not the iCrossing stock, and Petitioner has provided no facts or evidence which document that Petitioner owned any shares of the Woodbridge Companies.

It is undisputed that the stock in iCrossing, Inc. was issued to Woodbridge International, Inc. and Woodbridge International Management, LLC (actually

Case No. 8:02-CR-111-T-17MAP

Woodbridge Management, LLC), according to the Stock Purchase Agreements.  The iCrossing, Inc. stock is an asset of the corporation which owns it.   Shareholders have "no right, title or interest in the corporate property."  <u>Riffle v. Robert L. Parker Co.</u>, 505 P.2d 268, 274 ( Arizona App. 1973).  Even if Petitioner had established that Petitioner was a shareholder in the Woodbridge companies, or had an interest in the shares owned by Defendant Tyrrell, Petitioner's status as a shareholder does not afford Petitioner standing to challenge the forfeiture of corporate assets.

The public records reflect that Petitioner held various positions within the Woodbridge companies.  (Dkts. 1964-14, 1964-16).  Petitioner Tyrrell has explicitly disavowed any knowledge of the operations of the Woodbridge companies.  Petitioner has not provided an affidavit and/or other supporting evidence of Petitioner's ownership of the Woodbridge companies, or of Petitioner's exercise of dominion and control over the Woodbridge companies.   Petitioner has not provided any evidence that Petitioner's interest in the Woodbridge companies is superior to Defendant Gene Tyrrell's interest. The Court concludes that, if Petitioner had any interest in the Woodbridge companies, Petitioner's interest was as a nominee for Defendant Tyrrell, who actually operated the Woodbridge companies.  After consideration, the Court concludes that no material disputed issue of fact is present, and the Motion for Summary Judgment of the Government should be granted as a matter of law.  Accordingly, it is

**ORDERED** that :

1) the Motion for Extension of Time (Dkt. 1967) is **granted**, <u>nunc</u> <u>pro</u> <u>tunc</u> 3/5/2012;

2) the Motion to Strike (Dkt. 1972) is **denied**;

3) the Motion for Summary Judgment (Dkt. 1964) is **granted**.

Case no. 8:02-CR-111-T-17MAP

   **DONE and ORDERED** in Chambers, in Tampa, Florida on this

29th day of November, 2012.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:

Josephine Thomas, AUSA
Gene Tyrrell
Teresa Tyrrell

11