UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 8:02-CR-111-T-17MAP

GENE A. TYRRELL.

_____/

ORDER

This cause is before the Court on:

Dkt. 2000    Motion for Early Termination of Supervised Release
Dkt. 2003    Response
Dkt. 2005    Notice Regarding Forfeiture Money Judgment

Defendant Gene A. Tyrrell, pro se, requests entry of an Order granting early termination of supervised release.

After a jury trial which resulted in guilty verdict and a special verdict of forfeiture (Dkts. 981, 989), Defendant Tyrrell was sentenced on July 25, 2005 to a term of imprisonment of 136 months, concurrent, 36 months of supervised release, concurrent, restitution of $10,217,307.95, a special assessment fee of $1,700.00, and a forfeiture money judgment in the amount of $2,500,000.00. The restitution is joint and several with co-Defendants Joseph Cuciniello, Anthony Cuciniello and Robert Phillips. In the forfeiture money judgment, the Court retained jurisdiction for the forfeiture and disposition of substitute assets. (Dkt. 1100).

At sentencing, Defendant Tyrrell objected to being held accountable for the laundering of funds in the amount of the overall conspiracy. Defendant Tyrrell's counsel asserted that the Jury found that Defendant Tyrrell was accountable for a loss amount of $2,500,000, which results in a 6 level increase in the offense level, rather than the 9 level increase reflected in the presented report. Probation responded that the amount of money that Defendant Tyrrell should personally forfeit is different from

the amount of funds for which Defendant Tyrrell is held accountable in calculating the advisory guideline range. The Court overruled Defendant Tyrrell's objection.

 The Court notes that the PSR states:

> 65. The defendant has provided a financial statement wherein he listed minimal assets and many liabilities, including approximately $50,000 owed to the Internal Revenue Service. As the defendant is facing a period of incarceration, and there is a sizeable amount of restitution (monetary forfeiture) to be paid in this case, there is no information that the defendant would also have the ability to pay a fine within the guideline range. Any additional financial sanctions would detract from the defendant's ability to pay restitution to the victims in this matter.

Dkt. 1998, p. 13.

 An Amended Judgment was entered on April 4, 2006. (Dkt. 1514).

 A Preliminary Order of Forfeiture for Substitute Assets was entered as to Defendant Tyrrell on April 28, 2008. (Dkt. 1862). An Amended Preliminary Order of Forfeiture for Substitute Assets was entered on August 26, 2010. (Dkt. 1923). Defendant Tyrrell moved to vacate and set aside the Preliminary Order of Forfeiture for Substitute Assets and the Amended Preliminary Order of Forfeiture for Substitute Assets. (Dkt. 1927). The Court denied Defendant Tyrrell's Motion. (Dkt. 1937).

 The interest of Teresa Tyrrell was in the substitute assets was adjudicated. (Dkt. 1974). A Final Judgment of Forfeiture for Woodbridge International, Inc. and Woodbridge Management, LLC was entered. (Dkt. 1976).

 The Government opposes Defendant Tyrrell's Motion for Early Termination. The Government asserts that Defendant Tyrrell has provided no evidence that Defendant

Case No. 8:02-CR-111-T-17MAP

Tyrrell has paid the restitution obligation of $10,217,307.95. The Government further argues that Defendant Tyrrell attempted to thwart the Government's earlier forfeiture efforts, and as a result, the Government does not
believe that Defendant Tyrrell is an appropriate candidate for early termination of supervised release.

The Court notes that the United States has deposited $1,946,699.02 in net proceeds from the liquidation of property forfeited in the Final Judgment of Forfeiture (Dkt. 1976), leaving a balance due on the Forfeiture Money Judgment in the amount of $553,300.98.

The Court also notes that restitution is due from Defendant Tyrrell to the victims in the amount of $10,217,307.95, jointly and severally with Joseph Cuciniello, Anthony Cuciniello and Robert Phillips. The Court further notes that the First Amended Final Judgment (Dkt. 1517) as to co-Defendant Gregory Schultz reflects restitution in the amount $16,797,590., joint and several with Joseph Cuciniello, Anthony Cuciniello, Robert Phillips, Danny Wey, Dean Sinibaldi and Gene Tyrrell in Case No. 8:02-CR-111-T-17MAP.

Defendant Tyrrell argues that the Court ordered the forfeiture of Defendant's assets to satisfy the restitution Defendant Tyrrell owed, and while Defendant Tyrrell was in prison, what Defendant owned was forfeited to satisfy restitution.

Defendant Tyrrell asserts that his restitution is paid. Forfeiture and restitution are not the same thing. Forfeiture is meant to punish a defendant by transferring his ill-gotten gains to the United States Department of Justice. See United States v. Joseph, 743 F.3d 1350, 1354 (11th Cir. 2014). Restitution seeks to make the victims of crimes whole for their losses, and is paid to the victims, pursuant to 28 U.S.C. Sec. 3663A(a)(1).

Case No. 8:02-CR-111-T-17MAP

Defendant Tyrrell argues that he has satisfied all conditions of release, has served his term of supervised release in an exemplary manner, is currently retired and volunteers in his community.   Defendant Tyrrell asserts that Defendant Tyrrell was ordered to pay restitution, and Defendant Tyrrell has been paying it.  However, Defendant Tyrrell has not provided anything that shows how much, when, and to whom restitution has been paid.

After considering the factors in 18 U.S.C. Sec/ 3553(a), the Court finds that early termination of supervised release is not warranted by Defendant Tyrrell's conduct and is not in the interest of justice.  The Court therefore denies Defendant Tyrrell's request for early termination.  Accordingly, it is

**ORDERED** that pro se Defendant Gene A. Tyrrell's Motion for Early Termination of Supervised Release (Dkt. 2000) is **denied**.  The Clerk of Court shall provide a copy of this Order to pro se Defendant Tyrrell by U.S. Mail.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 18th day of September, 2017.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Case No. 8:02-CR-111-T-17MAP

Copies to:
All parties and counsel of record

Gene A. Tyrrell, <u>pro</u> <u>se</u>
6718 W. Behrend Dr.
Glendale, Arizona   85308